IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 38-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DUSTIN ALAN WHITENER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon two Violation Reports (#67) & (#69) filed by the United States Probation Office. In each Violation Report, the United States Probation Office alleges that Defendant has violated terms and conditions of his pretrial release. The Violation Reports are mirror images of each other and make the same allegations concerning Defendant's violation of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Jason Hayes, and the Government was present through AUSA, Tom Ascik. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Reports. The government

1

introduced without objection the Violation Reports into evidence.

The Defendant was charged in a bill of indictment filed on June 2, 2015 with one count of conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and three counts of knowingly possessing pseudoephedrine having reasonable cause to believe that chemical would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). A hearing was held in regard to the detention of Defendant on June 8, 2015. The Government requested that Defendant be released on terms and conditions of pretrial release and the undersigned agreed. On that date, the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On June 9, 2015, Defendant submitted to an urinalysis drug test. The urinalysis test tested positive for Defendant having used methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed federal and state crimes while on release. Defendant had to possess methamphetamine so he could consume that substance, that possession violated both federal and state law. The consumption of methamphetamine is a misdemeanor under federal law, 21 U.S.C. § 844. The consumption of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant has

3

committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required him to refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Methamphetamine is a drug which is not prescribed by any licensed medical practitioner and it is illegal to possess that substance.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant. After Defendant has been detained for a period of thirty (30) days and arrangements have been made for Defendant to enter into an inpatient drug treatment

program, then defense counsel may file a motion in the cause asking the Court to consider the issue of detention of Defendant to allow Defendant to attend the drug treatment program.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter. It is further **ORDERED** that after Defendant has been detained for a period of thirty (30) days, defense counsel will be allowed to file a motion requesting that the Court consider releasing Defendant to an appropriate inpatient treatment facility for the purpose of allowing Defendant to receive drug treatment.

Signed: July 27, 2015

Dennis L. Howell
United States Magistrate Judge